Per Curiam.

The order of the Appellate Division, Third Department, should be reversed and a hearing conducted to consider the defendant’s contention that his constitutional rights were violated át the time of his conviction in 1947. Defendant contends that his constitutional rights were violated in that he did not' knowingly and intentionally waive his right to counsel at the time he pleaded guilty and that he was not properly informed of his right to have an attorney assigned with *949 out charge, if his means prevented the retention of counsel. Ooncededly, the record in a summary recites the monitions the trial court used to inform the defendant of the abr re-mentioned rights, but it is evident from this brief statement in the record that the defendant may well have been unaware of the purport of the recited statement. While similar applications have been rejected in the past, without a hearing and where this defendant was not represented by counsel, it is sufficient to note that the courts now stress the importance of the rights of the defendant to the assistance of counsel before a plea of guilty is taken. (Cf. People v. Seaton, 19 N Y 2d 404.) Under the circumstances here where defendant without counsel, very shortly after arrest, pleaded guilty to 13 counts of the indictments against him and, upon four of . such counts received consecutive sentences of 5 to 10 years, aggregating 20 to 40 years, a hearing is merited to determine whether defendant made a knowing and voluntary waiver of the right to counsel and to defend the charges against him (see People v. Banner, 5 N Y 2d 109; People v. Nixon, 21 N Y 2d 338, 355, suggesting that in the case of uncounselled defendants more than the usual procedure should be followed in the exercise of a sound discretion).
Chief Judge Fuld and Judges Burke* Bergan, Breitel and Jasen concur in Per Curiam,; Judge 'Scileppi dissents and votes to affirm (see People v. Ryder, 24 A D 2d 808, affd. 17 N Y 2d 880); Judge Keating, taking no part.
Order reversed and case remitted to Broome County Court for further proceedings in accordance with the opinion herein.